James F. Lewin (SBN 140268)
THE MORTGAGE LAW FIRM, PLC
41689 Enterprise Circle North, Suite 228
Temecula, California 92590
Telephone: (619) 465-8200
Facsimile: (951) 308-0055
james.lewin@mtglawfirm.com

Attorneys for Movant
FREMONT BANK, its successors and assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>HENRY WOODS, SR.<br><br>Debtor. | Case No. 12-41848<br><br>Chapter 13<br>R.S. No: JFL-41<br>Judge Charles Novack<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>Preliminary Hearing:<br><br>Date: March 17, 2017<br>Time: 10:00 a.m.<br>Place: Courtroom 215<br>U.S. Bankruptcy Court<br>1300 Clay Street,<br>Oakland, CA 94612<br><br>Subject Property Address:<br>7880 Sterling Drive<br>Oakland, CA 94605 |

FREMONT BANK, its successors and assigns, ("Movant") will and hereby does move pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Federal Rules of Bankruptcy Procedure for an order terminating the automatic stay of 11 U.S.C. § 362(a) as to Movant and the real property located at 7880 Sterling Drive, Oakland, CA 94605 ("Property") authorizing Movant to proceed with foreclosure.

The Motion is based on this Motion for Relief from the Automatic Stay and the Declaration in Support of Motion for Relief from Automatic Stay filed concurrently herewith and all other pleadings and papers on file herein.



Case: 12-41848 Doc# 77 Filed: 02/23/17 Entered: 02/23/17 18:49:23 Page 1 of 4

## I. <u>FACTUAL AND PROCEDURAL SUMMARY</u>

1. On February 29, 2012, Henry Woods, Sr. ("Debtor") filed the subject voluntary petition under Title 11, Chapter 13 of the United States Code. As a result of the filing, certain acts and proceedings against the Debtor and the bankruptcy estate are stayed as provided in 11 United States Code section 362(a).

2. Debtor's Plan was confirmed on September 20, 2012.

3. On or about October 7, 2005, Debtor executed a Line of Credit Agreement with a credit limit of $75,000.00 (the "Note") which was made payable to Fremont Bank. A true and correct copy of the Note is served and filed concurrently herewith as Exhibit A and incorporated herein by reference. Movant is in possession of the original Note.

4. The Note is secured by a second deed of trust (the "Deed of Trust") encumbering the Debtor's residence located at 7880 Sterling Drive, Oakland, CA 94605 ("Property"). The Deed of Trust reflects that it was duly recorded. A true and correct copy of the Deed of Trust is served and filed concurrently herewith as Exhibit B and incorporated herein by reference. Pursuant to the Deed of Trust, attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note.

5. A default exists under the Note and Deed of Trust (the "Loan") for failure to make payments.

6. Movant's records reflect that the Loan is contractually due for monthly payments owed on and after July 20, 2016.

7. As of February 21, 2017, the amount of the outstanding debt with respect to the Loan is as follows (estimate only and not to be relied upon for Loan payoff):

| | |
|---|---|
| Principal: | $54,768.28 |
| Accrued Interest: | $1,077.96 |
| Fees and Costs | $312.12 |
| Total: | $55,768.28 |


Case: 12-41848 Doc# 77 Filed: 02/23/17 Entered: 02/23/17 18:49:23 Page 2 of 4

8. As of February 21, 2017, the Debtor has failed to make post-petition installment payments with respect to the Note, and the post-petition arrearage is as follows:

| Post-Petition Default Date | Payment Amount |
|---|---|
| 7/20/2016 | $288.53 |
| 8/20/2016 | $447.20 |
| 9/20/2016 | $465.09 |
| 10/20/2016 | $451.30 |
| 11/20/2016 | $455.48 |
| 12/20/2016 | $450.81 |
| 1/20/2017 | $450.63 |
| 2/20/2017 | $470.42 |
| Fees and Costs | $197.12 |
| Total Post-Petition Payment Default | $3,676.58 |

9. An additional monthly payment will come due on March 20, 2017 and on the 20th day of each month until the Loan is paid in full.

10. A post-petition payment ledger is served and filed concurrently herewith as Exhibit C and incorporated herein by reference.

## II. <u>ARGUMENT</u>

### A. <u>MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(1)</u>

11 U.S.C. § 362(d)(1) provides in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest…


Case: 12-41848 Doc# 77 Filed: 02/23/17 Entered: 02/23/17 18:49:23 Page 3 of 4

Cause includes a debtor's lack of equity in a property, a debtor's failure to make mortgage payments and lack of adequate protection of a creditor's interest in the property. *See, e.g., W. Equities Inc. v. Harlan (In re Harlan)*, 783 F.2d 839, 841 (9th Cir. 1986); *In re Ellis*, 60 B.R. 432,435 (9th Cir. BAP 1985).

Here, Debtor has failed to make the required post-petition mortgage payments as due under the terms of the Loan and thus there is "cause" to terminate the automatic stay. Based upon the foregoing, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362(a), to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3. Alternatively, in the event this Court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued pursuant to 11 U.S.C. § 361, including a requirement that Debtor reinstate all past arrearages and immediately commence regular monthly payments;

4. Permitting Movant to offer and provide Debtor with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, refinance agreement or other loan workout/loss mitigation agreement and to enter into such agreement without further order of the court;

6. That is binding and effective despite conversion of this case to any other chapter of Title 11 of the United States Code; and

7. For such other and further relief as the Court deems just and proper.

DATED: February 23, 2017 THE MORTGAGE LAW FIRM, PLC

BY:/s/ James F. Lewin
JAMES F. LEWIN
Attorneys for Movant
FREMONT BANK